AUGUST HICKS and Another v. AULTMAN ENGINE & THRESHER COMPANY.[1]

July 2, 1909.

Nos. 16,120—(108).

**Warranty—Evidence Sustains Verdict.**
> The question being whether a certain engine was sold under a written or an oral contract, it is *held* that the evidence sustains the finding of the jury that the sale was made under the oral contract. It being conceded that there was a breach of the warranty, the plaintiff was therefore entitled to recover, and the order of the trial court is affirmed.

Action in the district court for Clay county to recover $1,200 on a breach of warranty of a threshing machine. The case was tried before Baxter, J., and a jury which rendered a verdict in favor of plaintiffs for $1,400. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

. *N. I. Johnson* and *Garfield Rustad,* for appellant.

*Nye & Dosland,* for respondents.

ELLIOTT, J.

This was an action to recover damages on a breach of warranty on a certain threshing machine engine. The plaintiffs recovered a verdict for the sum of $1,400, and the defendant appealed to this court from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The action was based upon an oral contract of warranty. The defendant claimed that the engine was sold under a certain written contract, which contained a warranty and certain provisions with reference to a right of action for a breach thereof. The question was whether the oral contract had been entered into, and it was conceded that, if the writing expressed the contract between the parties,

[1]Reported in 122 N. W. 15.

the plaintiffs were not entitled to recover. On the other hand, if the oral contract was made, as claimed by the plaintiffs, the right to recover damages was substantially conceded, because it was admitted that the engine was worthless, and that there had been a breach of the warranty. The vital question was whether or not the written contract which was in fact executed was subsequently by consent of the parties rescinded, and a new oral contract entered into under which the engine was delivered. The jury found by its verdict that the engine was sold and delivered under the oral contract as alleged by the plaintiffs.

The evidence tends to show that: On June 5, 1905, the respondents signed a written order for an engine. Some time thereafter an engine was shipped and delivered to the respondents. An examination of the engine disclosed that it was not satisfactory. The respondents refused to accept it under the written order, and thereupon the written contract was entirely abandoned, and a verbal contract entered into between the respondents and the appellant, represented by one Rossing, who was its general agent. Under this contract the respondents purchased the engine and took possession of the same. In the verbal contract the appellant warranted, among other things, that the engine was well made and of good material, and that it would furnish sufficient and ample power to operate the respondents' grain separator. The exact terms of this warranty need not be stated, because it was conceded by the appellant that the engine was worthless for the purpose for which it was sold. When the engine was delivered the respondents gave their notes for part of the purchase price, and they claim that it was then agreed by Rossing that the notes should be kept by him until the engine had been thoroughly tested, and that if the engine was not as represented the notes would be returned. Rossing refused to return the notes. They were subsequently sold to an innocent purchaser for value, and the makers were obliged to pay the same.

The plaintiffs' right to recover rested upon their ability to establish the making of the oral contract of warranty and to show that the written contract had been rescinded by mutual consent of the parties. The jury found in the plaintiffs' favor upon this issue, and we find in the record ample evidence to sustain the finding. Ros-

sing was the general agent of the corporation, and had full power to consent to the rescission of the written contract and the making of the oral one. The provision in the written contract to the effect that the agent had no authority to agree to an abandonment of the written order and to make an oral one for the sale of the engine was so broad and general in its terms as to amount to a limitation upon the power of the corporation itself, and was therefore void. However, the question was not raised in the court below, and cannot be raised here for the first time.

As the evidence sustains the finding that the sale was made under the terms of the oral contract, the most of the questions raised and argued in the appellant's brief become of no consequence. The damages were not excessive, and no errors were made in ruling upon the accepting or rejection of evidence, or in instructing the jury, which were sufficiently prejudicial to justify this court in reversing the order of the trial court.

Order affirmed.